JOHN R. PHIRMAN AND EVA L. PHIRMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JOHN R. PHIRMAN AND EMILY T. PHIRMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Phirman v. Commissioner
Docket Nos. 2829-91, 2830-91
United States Tax Court
T.C. Memo 1991-431; 1991 Tax Ct. Memo LEXIS 480; 62 T.C.M. (CCH) 648; T.C.M. (RIA) 91431; September 4, 1991, Filed *480 Orders of dismissal will be entered. Curtis Darling and Suellen H. Anderson, for the petitioners. Steven J. Sibley, for the respondent. COHEN, Judge. COHEN
MEMORANDUM OPINION These cases are before the Court for ruling on respondent's Motions to Dismiss for Lack of Jurisdiction on the ground that the petitions were not filed within the time required by section 6213(a) of the Internal Revenue Code as amended and in effect for the years in issue. The issue is entirely factual, i.e., whether, as petitioners contend, petitions on their behalf were mailed to the Court on November 19, 1990, received at the Court on November 23, 1990, and subsequently lost in the office of the Clerk of the Court. For reasons explained below, we reject petitioners' claims and grant respondent's motions. Certain facts are undisputed or are found based on documentary evidence corroborating testimony presented at the hearing on respondent's motions. On September 17, 1990, a statutory notice of deficiency was sent to John R. and Eva L. Phirman, determining deficiencies and additions to tax in excess of $ 50,000 for 1980, 1981, and 1983. On the same date, a notice of deficiency was sent *481 to John R. and Emily T. Phirman, determining deficiencies and additions to tax exceeding $ 80,000 for 1984, 1985, 1986, and 1987. In late October and early November 1990, petitions were prepared by Jacqueline Anton, an accountant, Susan L. Hood, a legal assistant, and Suellen H. Anderson, an associate lawyer, employees of the law firm representing petitioners. Also prepared was a draft transmittal letter to the Court as follows: Re: John R. Phirman and Eva L. Phirman * * * [Social Security numbers omitted]
Gentlemen: Enclosed please find an original and four copies of a Petition and Request for Place of Trial with respect to the above-referenced petitioners. Also enclosed is a check in the amount of $ 60.00 to cover the cost of filing. PLEASE FILE AND RETURN AN ENDORSED COPY TO OUR OFFICE IN THE ENCLOSED SELF-ADDRESSED, STAMPED ENVELOPE. Should you have any questions, please contact our office at your convenience. Very truly yours, CURTIS DARLING, Counsel for Petitioners CD:JA/pc Enclosures
The draft was originally dated October 31, 1990. Anton, however, instructed Hood and wrote on the draft that the letter was to be mailed "when we receive *482 Petition back from clients * * * November ,". On or about November 6, 1990, a letter was sent to John R. Phirman (petitioner) as follows: Dear Dr. Phirman: Tax Court petitions have been prepared for Eva Phirman and yourself for the tax years 1980, 1981, and 1983. We have prepared a Tax Court petition for Emily Phirman and yourself for tax years 1984, 1985, 1986 and 1987. In order to have the petitions filed in a timely manner and for the appropriate parties, we need Eva Phirman, Emily Phirman and yourself to ratify the petitions as indicated on the last page of the original petitions attached. Copies of which have been provided. Please sign, date, and have notarized the appropriate signatures and return to our office in the self-addressed, stamped envelope enclosed for your convenience. We would appreciate your returning the petitions by November 15, 1990, and if you have any questions, please contact Curtis Darling, Suellen Anderson, or myself. Very truly yours, JACQUELINE ANTON JA:sh Enclosures
On January 10, 1991, petitioner telephoned the offices of his counsel and stated that he was sending in the papers sent to him in November and that the delay was *483 necessary to obtain the requested signatures. A letter dated January 15, 1991, was sent to the Court as follows: RE: PHIRMAN, JOHN * * * [Social Security number omitted]
Gentlemen: We understand from our phone conversation today that you were unable to locate as filed the two tax court petitions we filed on November 23, 1990, according to our return receipt from the U.S. Postal Service, a copy of which is enclosed. Also enclosed, please find additional originals and copies of each petition, along with ratifications of the petitions by the respective taxpayers, John and Eva Phirman and John and Emily Phirman. We hereby request that you take such steps as are necessary to assure that the file reflects our timely filing of the petitions and the clerk's office's inability to locate the documents as of this date. Kindly file the ratifications of petitions, as well. Very truly yours, [signed] Suellen H. Anderson
SUELLEN H. ANDERSON
SHA:sh Enclosures
The so-called "additional originals" of the petitions sent with the letter dated January 15, 1991, were received and filed January 18, 1991. They were dated November 7, 1990, and bore original signatures of *484 Curtis Darling and Suellen H. Anderson. The ratifications signed by petitioners were dated December 5, 1990. The ratifications were filed as amendments to the petitions. On January 29, 1991, a letter was sent to a staff attorney in the office of the Clerk of the Court as follows: Re: Phirman, John * * * [Social Security number omitted]
Enclosed per your request please find a copy of the Certified Return Receipt with the date of November 23, 1990 stamped on the face by United States Tax Court Clerk Jackie Noland, in the above referenced matter. If you have any questions in this regard, please do not hesitate to contact my office. Very truly yours, [signed] Suellen H. Anderson/S. H. SUELLEN H. ANDERSON
SHA:sh Enclosure cc: John Phirman
The copy of the certified return receipt enclosed with this letter bore the number P 131 717 429. On April 18 and May 3, 1991, respondent filed his respective Motions to Dismiss for Lack of Jurisdiction in these cases. In objections to respondent's motions signed by each of counsel to petitioners, the claim was made that the petitions in these cases had been mailed to the Court on November 19, 1990. In affidavits filed *485 in support of the objections and at trial, Hood represented under oath that the two petitions on behalf of petitioners had been mailed to the Court on November 19, 1990, that certified return receipt P 131 717 429 had been attached by her to the envelope, and that $ 4.15 postage was affixed to the envelope in which the petitions were mailed. In response to discovery requests and to a trial subpoena duces tecum, Anderson represented that "There are no cancelled checks, cashier's checks or check register for the Tax Court Petition filing fees for the petitions mailed on November 19, 1990." Hood testified that, although the petitions were not due until mid-December 1990, she was instructed by Anderson to mail them on November 19, 1990. She testified: Q And so when you read the cover letter, you note in the first paragraph that there should have been a check for the amount of $ 60 enclosed in the envelope? A Yes. Q Was there a check for $ 60 enclosed in the envelope? A No, there wasn't because * * * [the bookkeeper] wasn't there that day and I had to get it out and I didn't have a check to go with it, so I sent everything that had to go out, except the check. Q And the reason *486 that it had to go out was because you thought that the filing, the deadline for filing the petition was about to expire? A I knew that it had to go out that day and I didn't want it to be any later than that day and that's the day they told us to send it so I did what they told me to do and I sent it.
Records produced at trial by petitioners' counsel and received in evidence on the basis of Hood's testimony established that only one item of certified mail was sent by petitioners' counsel to the Tax Court between October 15, 1990, and January 15, 1991. That item was reflected as bearing certified return receipt number P 131 717 429. The Court's record of certified mail received from the United States Post Office on November 23, 1990, reflects, among other things, receipt of an item bearing certified mail number P 131 717 429. There is no record of petitions filed in these cases prior to January 18, 1991. Other records, of which the Court takes judicial notice, reflect that on November 23, 1990, a petition was filed at docket No. 26387-90, entitled Estate of Edith M. Banducci, Deceased, etc. The petition in the Banducci case was signed by Darling and Anderson, dated by them *487 on November 19, 1990, and attached a Proof of Service by Mail November 19, 1990. In the official Court file at docket No. 26387-90 is an envelope with a private postage meter marking dated November 19, 1990, with $ 4.15 postage. Also glued to the envelope is the stub of certified mail receipt number P 131 717 429. A transmittal letter dated November 19, 1990, referring to the Banducci petition and signed by Anderson, enclosed that petition and a check for the $ 60 filing fee. From the record at docket No. 26387-90, the Court concludes that the envelope bearing certified mail receipt number P 131 717 429 contained the Banducci petition and not the Phirman petitions. When confronted with this record and the Court's conclusion at the hearing on respondent's motions, neither Hood nor Anderson, the only representatives of petitioners who were present, had any explanation of this discrepancy between the Court's records and their claims. None has been received to the date of this opinion. Neither petitioners nor their representatives have contended that three petitions were mailed in the single envelope postmarked November 19, 1990, and received by the Tax Court on November 23, 1990, *488 bearing certified mail number P 131 717 429. They never mentioned the petition in the Banducci case. (In any event, the postage affixed to the envelope was sufficient only to cover the Banducci petition, with exhibits and copies.) They have not explained why a check for the filing fee in the Banducci case could be prepared on November 19, 1990, while the one required for the Phirman cases could not, or why counsel represented that no record of checks for filing fees existed for the petitions mailed on November 19, 1990. The possibility of confusion if numerous mailings to the Court had occurred is negated by the evidence that only one mailing to the Court from counsel for petitioners occurred from October 15, 1990, to January 15, 1991. The only logical inference on the record is that, when petitioner called their offices in January 1991, one or more of his representatives realized that they had missed the December 1990 date for filing the petitions in these cases. One or more of them deliberately designed and implemented the claim that the certified return receipt relating to the Banducci petition reflected mailing of the Phirman petitions. We are not certain of the extent to *489 which persons other than Hood participated. We are convinced, however, that petitions on behalf of the Phirmans were not mailed to the Court prior to January 15, 1991. Orders of dismissal will be entered.